UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LEO S. PARASKEVOPOULOS,<br><br>    Plaintiff<br><br>v.<br><br>CENTRAL MAINE MEDICAL CENTER,<br><br>    Defendant | State of Maine<br>Cumberland County Superior Court<br>Civil Action Docket No. POR-SC-CV-2017-27 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, for the sole purpose of removing this matter to the United States District Court for the District of Maine, Defendant Central Maine Medical Center states that this Court has (1) original jurisdiction over all of the claims in Plaintiff's Amended Complaint based on diversity pursuant to 28 U.S.C. §§ 1332 and 1441; and (2) has federal question jurisdiction over the federal claims in Plaintiff's Amended Complaint pursuant to §§ 1331 and 1441.

### I.    STATE COURT ACTION

This action was commenced by the Plaintiff, Leo Paraskevopoulos, in Maine Superior Court for the County of Cumberland.  A copy of the Amended Complaint is attached as **Exhibit A**.  By agreement with counsel for Plaintiff, counsel for Defendant accepted service of the Amended Complaint[1] effective April 18, 2017, and waived the requirements for service of a Summons.  A copy of the Acceptance and Waiver is attached as **Exhibit B.**  The Amended

---

[1] This was the first notice received by Defendant of this action.  Plaintiff amended the original complaint before any notice to Defendant.

1

Complaint makes multiple claims, but contains only one count. The federal claims asserted by the Plaintiff (*see* ¶ 111) include the following:

    (a)    Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213;

    (b)    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;

    (c)    Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

In addition to the federal claims asserted in the Amended Complaint, Plaintiff also asserts claims under the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4634 and the Maine Family Medical Leave Requirements law, 26 M.R.S.A. § 844.

## II.    DIVERSITY JURISDICTION

This Court has original jurisdiction over all claims in this matter based on the diversity of the parties under 28 U.S.C. § 1332, which provides, in relevant part:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between
> . . .
>
> (2)    citizens of a State and citizens or subjects of a foreign state;

    a.    <u>Citizenship of the Parties.</u>

As asserted in paragraph 6 (which Defendant admits) of the Amended Complaint, Defendant is a Maine corporation, and therefore a citizen of the State of Maine.

The Complaint does not allege the citizenship of the Plaintiff, but states that the Plaintiff is a "resident" of Ontario, Canada. As shown in the Certificate of Eligibility for Exchange Visitor Status (copy attached as **Exhibit C**), Plaintiff is a citizen of Canada. Consequently, this is a civil action between a citizen of a foreign state (Canada) and a citizen of the State of Maine, and therefore there is diversity of the parties.

b.  Amount in Controversy.

The Complaint does not set forth any amount that is claimed by the Plaintiff. However, the Complaint alleges that the Plaintiff was terminated from Defendant's medical residency program and that as a consequence Plaintiff "will most likely never be able to practice medicine." (¶ 99).

In the claim for relief, Plaintiff seeks back pay for lost wages and benefits, compensatory damages, and attorney fees. As shown in Exhibit D, Plaintiff's annual salary was $50,900. The Amended Complaint alleges that Plaintiff "has applied to hundreds of residency programs and has been denied by all of these programs." (¶ 100). Since it has been more than three years since Plaintiff was terminated from the Defendant's medical residency program, and he alleges he has been unable to secure another comparable position, it is reasonable to conclude that his claim for back pay alone would exceed $75,000.

Moreover, Plaintiff claims that he will "most likely never be able to practice medicine" allegedly due to the actions of Defendant, and such a claim would certainly exceed a value of $75,000.

Finally, each of the federal claims asserted by Plaintiff provides for the prevailing party to recover reasonable attorney fees. If Plaintiff were successful in litigating his claims, the attorney fees alone would exceed $75,000 based on attorney fee awards allowed by this court in cases involving disability discrimination claims. Consequently, the evidence is sufficient to establish that the amount in controversy exceeds $75,000, and therefore this Court has jurisdiction.

### III.   FEDERAL QUESTION JURISDICTION.

This Court has original jurisdiction over Plaintiff's claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Family and Medical Leave Act, all of which involve alleged violations of federal statutes over which this Court has jurisdiction.  With respect to Plaintiff's state law claims under the Maine Human Rights Act and the Maine version of the Family Medical Leave Act, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c) because they are related to the federal claims and arise out of the same of facts and circumstances.

### IV.   REMOVAL IS TIMELY.

Defendant has removed this case within thirty days of the effective service date of the Amended Complaint, which was April 18, 2017, (*see* Exhibit B) pursuant to 28 U.S.C. § 1446(b).

### V.   NOTICE.

Defendant will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file it with the Clerk of the Maine Superior Court for Cumberland County a Notice of Filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

### VI.   CONCLUSION.

Consequently, Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders as it deems necessary and appropriate to allow for prosecution of this matter in the federal court.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending against it in the State of Maine Superior Court for Cumberland County be removed to this Court.

DATED at Auburn, Maine, this 4th day of May, 2017.

        Defendant CENTRAL MAINE MEDICAL CENTER

        By: /s/ Michael R. Poulin_____
            Michael R. Poulin, Esq.
            Its Attorney

            SKELTON, TAINTOR & ABBOTT
            95 Main Street
            Auburn, Maine 04210
            (207) 784-3200
            mpoulin@sta-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 4, 2017, I caused this Notice of Removal to be electronically filed with the Clerk of Court via e-mail at newcases.portland@med.uscourts.gov, and by e-mailing and mailing via U.S. First-Class Mail to Plaintiff's counsel at the following address:

    David G. Webbert, Esq.
    Max R. Katler, Esq.
    Johnson, Webbert & Young, LLP
    160 Capitol Street
    P.O. Box 79
    Augusta, Maine 04332-0079
    dwebbert@johnsonwebbert.com
    mkatler@johnsonwebbert.com

    /s/ Michael R. Poulin
    Michael R. Poulin, Esq.
    Attorney for Defendant,
     Central Maine Medical Center

    SKELTON, TAINTOR & ABBOTT
    95 Main Street
    Auburn, Maine 04210
    (207) 784-3200
    mpoulin@sta-law.com