# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **KRISTIN A. KING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:13-cv-00163-JDL |
| | ) | |
| **STATE OF MAINE,** | ) | |
| **DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**EXHIBIT 1**

### *ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Kristin A. King was employed as a correctional officer at the Downeast Correctional Facility ("DCF") from September 2004 until her termination in September 2011. ECF No. 41 at 1, 3, 10 (First Amended Complaint). She brings this action against her former employer, the State of Maine, Department of Corrections, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq*. (2016), and Title I of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a (2016), and the Maine Human Rights Act, 5 M.R.S.A. §§ 4551-4634 (2016), by (1) subjecting her to intentional discrimination based on her sex and sexual orientation; (2) subjecting her to a hostile work environment on the basis of her sex and sexual orientation; and (3) retaliating against her in response to her charge of discrimination.

---

* This opinion is **SEALED** until 5:00 p.m. on Friday, July 15, 2016, to give the parties an opportunity to notify the Court, by sealed filings, whether any portion(s) need to be redacted because of confidentiality restrictions.

ECF No. 41 at 3, 11.[1]  King also sues her former supervisor, David D. Garrison, under 42 U.S.C.A. § 1983 (2016), alleging that he deprived her of rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.  ECF No. 41 at 3, 12-13.  The factual circumstances surrounding King's employment and termination are set forth in the Court's Order on Defendants' Motion for Summary Judgment dated July 12, 2016.

King has moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the Department's and Garrison's (collectively, "the Department") affirmative defense that King failed to mitigate her lost wage damages.  ECF No. 61.  She contends that the undisputed facts establish that she conducted a diligent job search following her termination from the DCF in 2011, having "applied for hundreds of jobs in a wide variety of fields and locations[.]"  ECF No. 61 at 2; ECF No. 62 at 1-2, ¶ 4.  King argues that the Department has produced no evidence by which it could establish that King failed to mitigate her damages.  ECF No. 61 at 5.

The Department disagrees, citing evidence that King submitted at least two employment applications that contained false information:  at least two applications stating that she had been laid off from the DCF and identifying "Jimmy Dolan" as her supervisor, and one or more applications indicating that, as a correctional officer, she supervised four correctional officers.  ECF No. 69 at 2, 3.

"A failure to mitigate damages is in the nature of an affirmative defense and the defendant, therefore, must carry the devoir of persuasion on this issue."  *Trainor*

---

[1] The parties stipulated to a dismissal of King's disability-related claims with prejudice and without costs.  ECF No. 91.

2

*v. HEI Hospitality, LLC*, 699 F.3d 19, 29 (1st Cir. 2012) (citing *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15-16 (1st Cir. 1999)); *see also Carey v. Mt. Desert Island Hosp.*, 156 F.3d 31, 41 (1st Cir. 1998) (stating that the employer bears the burden of proof on the issue of mitigation). A prevailing claimant is presumptively entitled to an award of back pay from the date that her employment was terminated to the date of the entry of judgment, "provided it is made to appear that reasonable diligence was exercised in the effort to secure other suitable employment[.]"[2] *Quint*, 172 F.3d at 15-16 (internal quotation omitted) (quoting *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982)). "As long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant-employer, which then must show that (i) though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment." *Id.* at 16 (citations omitted).

Here, King asserts and the Department admits that following her termination in September 2011, she "applied for hundreds of jobs in a wide variety of fields and locations[.]" ECF No. 76 at 2; ECF No. 62 at 1-2, ¶ 4; ECF No. 70 at 1, ¶ 4.[3] King has thus shown that she made some effort to secure other suitable employment. The Department does not explicitly dispute this, and instead seeks to avoid summary judgment on the basis that there is a factual dispute as to whether King used

---

[2] The relevant provision in Title VII provides: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C.A. § 2000e-5(g)(1).

[3] King also states, and the Department admits, that King "mostly looked for jobs in security, although she also looked for jobs in other fields, including nursing and computer graphic design." ECF No. 62 at 2, ¶ 5; ECF No. 70 at 1, ¶ 5.

3

reasonable diligence to secure suitable employment because she submitted two or more employment applications containing false information. *See* ECF No. 69 at 3-4.

The Department's proof is silent, however, as to the first element of its burden—that substantially equivalent work was available to King. Accordingly, even if evidence that two or more of King's hundreds of applications contained false information is treated as creating a factual dispute as to the reasonableness of her diligence in seeking employment, the Department has failed to produce evidence of the existence of substantially equivalent jobs in the relevant geographic area.

At the hearing held on May 24, 2016, the Department asserted for the first time that the proof of the availability of substantially equivalent jobs is contained in King's own documentation of her work search following her termination from the DCF, including jobs in security listed on her work search logs. Oral Arg. Hr'g, May 24, 2016. However, as already stated, the Department admits the facts put forth by King regarding her job search, and its statement of additional facts does not contain any facts addressing the availability of substantially equivalent jobs in the relevant geographic area. Under Local Rule 56(f), the court has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Loc. R. 56(f). Based on the facts put forth by the Department, there is no basis to conclude or infer that jobs that are comparable to King's prior position at the DCF were available in the relevant geographic area. Accordingly, the Department has failed to create an issue of disputed material fact as to the first element of its failure to mitigate affirmative defense.

For the foregoing reasons, King's motion for partial summary judgment (ECF No. 61) is **GRANTED**.

**SO ORDERED.**

Dated this 12th day of July, 2016.

                                                        /s/ Jon D. Levy  
                                              **U.S. DISTRICT JUDGE**