United States District Court
District Of Maine

Leo S. Paraskevopoulos,            )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Docket No. 2:17-cv-00166-JAW
                                   )
Central Maine Medical Center,      )
                                   )
    Defendant                      )

## Plaintiff's Statement of Material Facts in Support of Partial Motion for Summary Judgment

1.    Plaintiff Leo Paraskevopoulos began his three-year post-graduate residency in family medicine at Defendant Central Maine Medical Center (CMMC) in July 2011. Deposition of Defendant ("30(b)(6) Depo.") 75:1-76:7.

2.    On January 21, 2014, CMMC terminated Mr. Paraskevopoulos's employment in the residency program. Plaintiff's Amended Interrogatory Responses ("Irogs") p. 17; Deposition of Leo Paraskevopoulos ("Paraskevopoulos Depo.") 242:2-19.

3.    After his termination from the CMMC residency program, Mr. Paraskevopoulos requested from CMMC a certificate of completion that he had completed his second year of residency (PGY-2); Program Director Donald Woolever refused, stating that he would only give a statement

certifying that Mr. Paraskevopoulos had completed PGY-1 training but not PGY-2. Plaintiff's Produced Documents ("Bates P") P001769-1770.

4. There was "some flexibility" in the determination of whether Mr. Paraskevopoulos had completed two years of residency as of his termination; it was a "judgment call" to some degree, and Dr. Woolever was the final decision maker on that determination. 30(b)(6) Depo. 78:8-80:6.

5. Mr. Paraskevopoulos has applied to over 130 residency programs since his termination by CMMC, including programs at Kansas City University, Weill Cornell/NY Presbyterian, Lincoln Medical and Mental Health Center, University of California (San Francisco), and University at Buffalo. Bates P00001-00028; Irogs, pp. 19, 21-22.

6. Mr. Paraskevopoulos applied to the residency "match" twice a year for three-and-a-half years, and has spent hundreds of hours on residency applications. Declaration of Leo Paraskevopoulos ("Paraskevopoulos Decl."), ¶13.

7. Mr. Paraskevopoulos also applied to a number of non-residency jobs, including positions with GlaxoSmithKline, the University Health Network, the McMaster University Health Sciences Program, Brock University, and the Ontario Hospital Association. Irogs, pp. 19-20.

8. Mr. Paraskevopoulos contacted medical licensing boards throughout the Northeast, including Maine, and has been told he does not

meet the requirements to be licensed as an MD because he has completed only one year of residency. Paraskevopoulos Depo. 251:23-253:22.

9. Mr. Paraskevopoulos also explored medical licensure in Canada; he does not meet requirements for licensure in Canada with one year of residency. Paraskevopoulos Depo. 253:23-254:2.

10. CMMC has no knowledge of any information suggesting that Mr. Paraskevopoulos did not make reasonable efforts to find another residency program after he was fired by CMMC. 30(b)(6) Depo. 83:10-13.

11. Since his termination, Mr. Paraskevopoulos has been unable to find any position in another residency program, or a paying position as a medical professional. Paraskevopoulos Decl. ¶13.

12. Termination from the residency program at CMMC has a significant negative effect on a resident's ability to find another residency program to complete; that might be reason alone not to consider the application further. 30(b)(6) Depo. 80:7-81:8.

13. In addition to Mr. Paraskevopoulos having been fired, another reason it would probably be harder for Mr. Paraskevopoulos to find a new residency program is that the new program might not be able to get full federal funding for an additional two years of residency with Mr. Paraskevopoulos. 30(b)(6) Depo. 81:9-83:12.

14. In February 2016, after Mr. Paraskevopoulos filed his discrimination complaint with the Maine Human Rights Commission and Equal Employment Opportunity Commission, the program director of another residency program who was considering hiring Mr. Paraskevopoulos called to speak to Dr. Woolever as an employment reference. Irogs, pp. 17-18; Paraskevopoulos Depo. 245:19-246:20.

15. Dr. Woolever refused to speak to the program director as he normally spoke to potential employers of former residents; the program director was instead told that CMMC could not release information about Dr. Paraskevopoulos for "legal reasons" and that she would have to contact CMMC's legal counsel for more information. Irogs, pp. 17-18; Paraskevopoulos Depo. 245:19-246:20.

16. It "[d]oes not help [a resident's] candidacy" to have a reference say they cannot provide information for legal reasons. Deposition of Donald Woolever, M.D. ("Woolever Depo"). 117:1-12.

17. Following the termination of his employment by CMMC, from January 2016 through December 2016, Paraskevopoulos worked as a part-time contract-based research assistant at McMaster University. Irogs, pp. 19-20.

18.     Most recently, from March 2017 to the present, Paraskevopoulos has worked as a partner of Stile Carpentry Ltd. in Ontario, Canada. Irogs, p.19.

Date: October 31, 2018                    Respectfully submitted,

/s/David G. Webbert
David G. Webbert, Esq.
Carol J. Garvan, Esq.
Johnson, Webbert & Young, LLP
160 Capitol Street, P.O. Box 79
Augusta, Maine 04332-0079
Tel: 207-623-5110
dwebbert@work.law
cjgarvan@work.law

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on October 31, 2018 I electronically filed this filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Date: October 31, 2018           /s/David G. Webbert
                                 Johnson, Webbert & Young, LLP
                                 160 Capitol Street, P.O. Box 79
                                 Augusta, Maine 04332-0079
                                 Tel: 207-623-5110
                                 dwebbert@work.law