UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LEO S. PARASKEVOPOULOS, )
)
     *Plaintiff*, )
)
v. ) No. 2:17-cv-00166-JAW
)
CENTRAL MAINE MEDICAL )
CENTER, )
)
     *Defendant* )

### MEMORANDUM DECISION AND ORDER
### ON PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Leo S. Paraskevopoulos seeks sanctions against defendant Central Maine Medical Center ("CMMC") pursuant to Federal Rule of Civil Procedure 37(d) for a more than two-month delay in providing discovery responses and failing timely to identify a corporate deposition designee. *See* Plaintiff's Motion for Remedies Based on Defendant's Discovery Violations ("Motion") (ECF No. 62). He requests a remedy in the form of the opportunity to depose two additional witnesses or, in the alternative, the preclusion of their testimony at trial. *See id*. at 4-5. On the showing made, I conclude that sanctions are warranted, but not in the form requested. Hence, I grant the Motion in part, to the extent that I assess sanctions against CMMC in the form of reimbursement of the plaintiff's reasonable expenses, including attorney fees, incurred in filing the instant motion and reply brief, and otherwise deny it.

### I. Factual Background

The plaintiff brought the underlying discovery dispute to the court's attention on July 13, 2018, the last day of discovery. *See* ECF Nos. 35, 38. He complained that CMMC had failed to make any designation pursuant to his September 12, 2017, Notice of Rule 30(b)(6) Deposition of

1

Defendant, failed to provide any documents requested in his August 29, 2017, Second Request for Production of Documents ("Second RPD"), and failed to provide any answers to his August 29, 2017, First Set of Interrogatories and that, while CMMC had served objections to his document requests and interrogatories on May 11, 2018, they were untimely. *See* ECF No. 38. On the afternoon of July 13, 2018, CMMC produced answers to the first set of interrogatories and documents in response to the Second RPD. *See* Motion at 3.

On July 25, 2018, I held a telephonic discovery hearing during which I directed counsel "to meet and confer about any disputed issues raised by the defendant's yet-unscheduled corporate deposition and its interrogatory answers and document responses served on the last day of discovery, July 13, 2018," and to file a status report "addressing any unresolved issues by August 8, 2018." ECF No. 47.

The plaintiff filed a status report on August 8, 2018, summarizing areas of agreement and remaining disagreement. *See* ECF No. 49. He requested that, over objection and pursuant to Rule 37(d), the court order CMMC (and not CMMC's counsel) to pay his reasonable expenses, including attorney fees, incurred in taking the Rule 30(b)(6) deposition as a sanction for CMMC's failure to provide any responsive answers or documents until the last day of discovery. *See id.* at [3].

The following day, I held another telephonic discovery hearing with counsel during which I granted the plaintiff's motion to compel the production of documents in response to his Second RPD Nos. 11 and 12, including complete personnel files, and that portion of his Second RPD No. 21 seeking records relating to requests by residents for medical leave based on a health condition of a family member or the birth or adoption of a child, and directed that (i) CMMC provide by August 31, 2018, all answers to interrogatories and documents that it had agreed or been ordered

to produce, (ii) the Rule 30(b)(6) deposition of CMMC be taken by September 24, 2018, and, (iii) should the plaintiff continue to press a motion for sanctions, he file any such motion by August 24, 2018. *See* ECF No. 51. The plaintiff subsequently filed a consented-to motion, which the court granted, to extend his deadline to file a motion for sanctions to September 7, 2018, to permit him to focus on the discovery responses due on August 31, 2018, and pursue a possible voluntary resolution of the sanctions dispute. *See* ECF Nos. 54, 56.

By the August 31, 2018, deadline, CMMC produced several thousand pages of documents in response to the Second RPD and numerous additional answers to the plaintiff's interrogatories. *See* Motion at 3-4; Opposition to Plaintiff's Motion for Remedies Based on Defendant's Alleged Discovery Violations ("Opposition") (ECF No. 64) at 3.[1]

The plaintiff filed the instant motion on September 7, 2018, seeking an order allowing him to "take the depositions of the two witnesses identified in Defendant's Supplemental Initial Disclosure dated April 12, 2018, or in the alternative, preclude Defendant from presenting any testimony in this action from those two witnesses." Motion at 4-5. The plaintiff does not identify these witnesses, *see generally id.*; Plaintiff's Reply In Support of Motion for Remedies Based on Defendant's Discovery Violations ("Reply") (ECF No. 65). However, CMMC represents that they are Dr. Margaret Palmer and Lisa Burger. *See* Opposition at 5. The Rule 30(b)(6) deposition of CMMC took place on September 18, 2018. *See id.* at 3.

**II. Discussion**

**A. Whether the Conduct Is Sanctionable**

As a threshold matter, I find that the discovery conduct of CMMC warrants sanctions. Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions when "a party, after

---

[1] CMMC states that it served this discovery on August 30, 2018. *See* Opposition at 3. Nothing turns on the discrepancy.

being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

The parties dispute whether CMMC's responses to the plaintiff's interrogatories and document requests were due on April 20, 2018, eight days after the lifting of a lengthy stay to accommodate settlement efforts, as the plaintiff maintains, *see* Motion at 2, or 30 days after the lifting of the stay, on May 11, 2018, as CMMC argues, *see* Opposition at 1-2. However, even accepting CMMC's calculation, its answers to interrogatories and document production were due more than two months before they were finally served, and its assertedly timely service of objections on May 11, 2018, did not excuse the non-production.

While CMMC represented to the plaintiff on May 11, 2018, that it would provide answers and responsive documents as soon as practicable, and its counsel informed the plaintiff's counsel on May 24, 2018, that it was working diligently to respond to the discovery requests, *see id.*, CMMC did not produce responsive answers and documents until July 13, 2018, the last day of discovery and more than two months past the due date by its own reckoning. Furthermore, as of that date, CMMC still had not designated any Rule 30(b)(6) witness in response to the plaintiff's September 12, 2017, Rule 30(b)(6) deposition notice.

CMMC contends that the imposition of sanctions, nonetheless, would be unjust because (i) the plaintiff had not yet made a good-faith effort to confer with CMMC regarding the discovery dispute, as required by Rule 37(d)(1)(B), before including a request for sanctions in his status report, (ii) CMMC made timely, good-faith objections to the plaintiff's discovery requests on May

4

11, 2018, and apprised his counsel of its efforts to respond to those requests, (iii) the plaintiff prevented an earlier resolution of the discovery dispute by his own delays in raising them with CMMC and the court, and, (iv) after the parties finally conferred on August 8, 2018, CMMC produced all information and documents in accordance with the parties' agreement and the court's August 9, 2018, order. *See id.* at 4-5.

This showing falls short of demonstrating that the imposition of sanctions would be unjust. That the plaintiff requested sanctions in his status report before conferring with CMMC does not render an award of sanctions unjust. After the parties conferred, and as part of a comprehensive resolution of their discovery dispute, I provided the plaintiff with the opportunity to file the instant motion, should he choose to do so. As noted above, the fact that a party files timely objections to discovery requests does not excuse a failure to produce timely responses to those requests unless that party has a pending motion for a protective order. *See* Fed. R. Civ. P. 37(d)(2). That was not the case here. While, as discussed below, the plaintiff's own delay in addressing CMMC's discovery violations militates against the grant of either of the alternative remedies he requests, it does not render an award of sanctions for CMMC's substantial delay in producing discovery unjust. Finally, that CMMC complied with the parties' subsequent agreement and the court's order resolving their dispute does not excuse its prior conduct in failing to produce discovery responses until the afternoon of the close of discovery or to designate any Rule 30(b)(6) witness as of that time.

**B. Appropriate Remedy**

Rule 37(d) provides that sanctions for a discovery violation "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). Those consist of orders (i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes

5

of the action, as the prevailing party claims;" (ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" (iii) "striking pleadings in whole or in part;" (iv) "staying further proceedings until the order is obeyed;" (v) "dismissing the action or proceeding in whole or in part;" and (vi) "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

Rule 37(d) further provides that, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

For several reasons, I decline to adopt the plaintiff's requested remedy of an order allowing the depositions of Dr. Palmer and Burger or, in the alternative, precluding CMMC from presenting their testimony.

*First*, while CMMC's discovery responses were substantially late, warranting sanctions, the plaintiff also bears some responsibility for the fallout. He did not promptly bring the issue to the court's attention, waiting to do so until the last day of discovery, when the responses were more than two months overdue.

*Second*, while the plaintiff contends that "there is obvious prejudice" from CMMC's failure to provide any answers or documents until late on the afternoon of the last day of discovery on July 13, 2018, which rendered it "impossible for [him] to use the information obtained from [the] discovery requests to take the depositions" of Dr. Palmer and Burger, he does not explain why he did not raise this issue sooner. Reply at [2]; *see also generally* Motion.

In my order of July 25, 2018, I directed counsel "to meet and confer about any disputed issues raised by the defendant's yet-unscheduled corporate deposition and its interrogatory

answers and document responses served on the last day of discovery, July 13, 2018," and to file "a written status report addressing any unresolved issues by August 8, 2018." ECF No. 47. Based on that status report and my August 9, 2018, telephonic hearing with counsel, I adjusted the parties' pretrial schedule to address consequences of CMMC's tardy discovery production, including setting its Rule 30(b)(6) deposition for September 24, 2018. *See* ECF No. 51. Yet, the plaintiff raised no issue, either in his status report or during the July 25 or August 9, 2018, telephonic hearings, concerning an anticipated need to depose Dr. Palmer or Burger. Indeed, in his status report, he requested sanctions in the form of his reasonable expenses, including attorney fees, of taking the Rule 30(b)(6) deposition. *See* ECF No. 49 at [3].[2]

While the plaintiff notes, in passing, that CMMC "produced several thousand pages of documents" and "numerous additional answers" to interrogatories on August 31, 2018, Motion at 3-4, he does not assert that review of that set of documents and answers revealed the need to depose Dr. Palmer and Burger, *see generally id.*; Reply.

*Third, and finally*, as CMMC notes, *see* Opposition at 5-6, the plaintiff fails to identify any prejudice flowing from the loss of an opportunity to depose Dr. Palmer and Burger, *see generally* Motion; Reply. He has not indicated, for example, that those depositions have any bearing on the parties' pending cross-motions for summary judgment. *See id*; *see also* ECF Nos. 66 (plaintiff's motion for partial summary judgment), 73 (plaintiff's objection to defendant's motion for partial summary judgment), 76 (plaintiff's reply in support of his motion for partial summary judgment).

Accordingly, I decline to order either of the requested alternative remedies. Instead, pursuant to Rule 37(d)(3), I adopt the remedy of "requir[ing] the party failing to act" – CMMC –

---

[2] During the August 9, 2018, telephonic hearing, the plaintiff's counsel mentioned Dr. Palmer, but only in the context of his successful bid to compel the production of certain documents. He did not mention Burger or any anticipated need to depose either Dr. Palmer or Burger.

"to pay the reasonable expenses, including attorney's fees, caused by the failure[,]" CMMC not having shown that its failure was "substantially justified" or that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).[3]

I recognize that, when the plaintiff initially requested sanctions, he sought "reasonable expenses, including attorneys' fees, for . . . taking the 30(b)(6) deposition[.]" ECF No. 49 at [3]. He no longer seeks that remedy, *see generally* Motion, and, in any event, it is not warranted. I adjusted the parties' pretrial schedule to permit the taking of that deposition with the benefit of review of CMMC's tardily-produced discovery responses, mitigating any harm. As CMMC correctly notes, *see* Opposition at 6 n.1, the plaintiff would have incurred the same expense of taking the Rule 30(b)(6) deposition regardless of the discovery delay.

Insofar as appears, the only expense that the plaintiff has incurred as a result of CMMC's conduct is that of preparing and filing the instant motion and reply brief. Hence, I award the plaintiff the reasonable expenses of those activities.

I make no ruling on any need for a trial deposition of Dr. Margaret Palmer or Lisa Burger based on their unavailability at trial.

### III. Conclusion

For the foregoing reasons, the Motion is **GRANTED IN PART**, to the extent that I **DIRECT** CMMC to reimburse the plaintiff his reasonable expenses, including attorney fees, incurred in filing the instant motion and reply brief, and otherwise **DENIED**. The plaintiff shall file an itemized statement, redacted of any privileged information, within 14 days of the entry of this order, and the defendant shall file any objection within 14 days of the plaintiff's filing.

---

[3] CMMC contends that an award of expenses would be unjust pursuant to Rule 37(d)(3), incorporating by reference its earlier argument that the imposition of sanctions is unjust. *See* Opposition at 6. For the reasons discussed above, those points do not carry the day in demonstrating that CMMC's discovery violations were substantially justified or that an award of expenses, in the form here ordered, is unjust.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of February, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge