UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LEO S. PARASKEVOPOULOS, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CENTRAL MAINE MEDICAL CENTER, )<br>)<br>Defendant ) | No. 2:17-cv-00166-JAW |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT*

In this employment discrimination action, plaintiff Leo S. Paraskevopoulos moves for partial summary judgment as to defendant Central Maine Medical Center's affirmative defense that he failed to mitigate his lost wage damages. *See* Plaintiff's Motion for Partial Summary Judgment ("Motion") (ECF No. 66) at 1. The defendant has filed a cross-motion for partial summary judgment on an unrelated theory, *see generally* ECF No. 69, which is the subject of a separate recommended decision. Because the plaintiff has met his burden to show he made some effort to secure employment after his termination, and the defendant has failed to meet its burden to show that comparable jobs were available and that the plaintiff failed to use reasonable diligence to secure employment, I grant the Motion.

**I. Applicable Legal Standards**

**A. Federal Rule of Civil Procedure 56**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving

1

party.'" *Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Johnson,* 714 F.3d at 52. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (quoting *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (emphasis omitted)); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

"This framework is not altered by the presence of cross-motions for summary judgment." *Cochran v. Quest Software, Inc.,* 328 F.3d 1, 6 (1st Cir. 2003). "[T]he court must mull each motion separately, drawing inferences against each movant in turn." *Id.* (citation omitted); *see also, e.g., Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir. 1996) ("Cross motions for summary judgment neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment *per se.* Cross motions simply require us to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed. As always, we resolve all

factual disputes and any competing, rational inferences in the light most favorable to the [nonmovant].") (citations omitted).

### B. Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record citation. *See id*. The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id*.

Local Rule 56 directs that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not

3

specifically referenced in the parties' separate statement of fact." *Id*.; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II. Factual Background

The parties' statements of material facts, credited to the extent that they are either admitted or supported by record citations in accordance with Local Rule 56, with disputes resolved in favor of the defendant as the nonmovant, reveal the following.[1]

In July 2011, the plaintiff began a three-year residency program with the defendant. Plaintiff's Statement of Material Facts with Opposing Statement ("Plaintiff's Consolidated SMF"), commencing at page 1 of Parties' Consolidated Statement of Material Facts (Plaintiff's Motion for Summary Judgment) ("Parties' Consolidated SMF") (ECF No. 85), ¶ 1. On January 21, 2014, the defendant terminated the plaintiff's employment in its residency program. *Id*. ¶ 2. Following his termination, the plaintiff applied to more than 130 residency programs, participated in the residency match process twice a year, applied to non-residency jobs, and explored medical licensure in the United States and Canada. *Id*. ¶¶ 5-9; Defendant's Statement of Additional Facts with Plaintiff's Reply Statement ("Defendant's Consolidated SMF"), commencing at page 6 of Parties' Consolidated SMF, ¶¶ 8-9. However, he was unable to secure employment in another residency program or as a medical professional. Plaintiff's Consolidated SMF ¶ 11. Ultimately,

---

[1] Statements that are qualified are assumed to be admitted subject to that qualification, unless a qualification indicates otherwise. To the extent that I have incorporated one side's qualification into the statement of the other, I have determined that the qualification is supported by the record citation(s) given. I have omitted qualifications that are unsupported by the citation(s) given or are redundant. To the extent that I have taken into consideration a denial of a statement, I have determined that the denial is supported by the citation(s) given.

4

the plaintiff found employment as a research assistant and a carpenter. *Id*. ¶¶ 17-18; Defendant's Consolidated SMF ¶¶ 10-13.

### III. Discussion

The defendant bears the burden of persuasion as to its affirmative defense that the plaintiff failed to mitigate his lost wage damages. *See, e.g., Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 29 (1st Cir. 2012) ("A failure to mitigate damages is in the nature of an affirmative defense and the defendant, therefore, must carry the devoir of persuasion on this issue.") (citation omitted). "As long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant-employer, which then must show that (i) though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment." *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999) (citations omitted).

The plaintiff has met his minimal burden of showing "some effort to secure other employment," *id*., by applying to at least 130 other residency programs, participating in the residency match process twice a year, applying to non-residency jobs, and ultimately working as a research assistant and a carpenter, *see* Plaintiff's Consolidated SMF ¶¶ 5-7, 17-18. In taking jobs outside his line of work, the plaintiff went beyond what the law requires of him. *See, e.g., Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982) ("[T]he unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position[.]") (footnote omitted). The burden, therefore, shifts to the defendant to show that "substantially equivalent jobs were available in the relevant geographic area" and that "the claimant failed to use reasonable diligence to secure suitable employment." *Quint*, 172 F.3d at 16.

In its opposition, the defendant conflates the plaintiff's initial burden to show "some effort" with its own burden to show failure "to use reasonable diligence." *See* Defendant's Opposition to

5

Plaintiff's Motion for Partial Summary Judgment ("Opposition") (ECF No. 73) at 2-3. The defendant argues that before it is required to meet its burden, the plaintiff must first show that he has "exercised reasonable diligence." *Id.* (citing *Harding v. Cianbro Corp.*, 498 F. Supp. 2d 344, 358 (D. Me. 2007); *Webber v. Int'l Paper Co.*, 307 F. Supp. 2d 119, 127 (D. Me. 2004)). First, the defendant misreads the cited authority. *See Webber*, 307 F. Supp. 2d at 127 ("[W]here the defendant shows that the former employee made *no effort* to secure suitable employment, the defendant-employer is relieved of [its] burden[.]") (citation and internal quotation marks omitted) (emphasis added); *Harding*, 498 F. Supp. 2d at 358 ("As long as the claimant has made *some effort* to secure other employment, the burden to prove failure to mitigate normally resides with the defendant-employer[.]") (citation and internal quotation marks omitted) (emphasis added). Second, the defendant's position is contradictory: If the plaintiff shows that he exercised "reasonable diligence," how can the defendant then show that he failed to do so?

The defendant's argument appears to hinge on this confusion, focusing on the plaintiff's purported failure to show that he exercised reasonable diligence in looking for new employment following his termination. *See* Opposition at 3 ("As in *Webber*, there are time periods in this case during which the Plaintiff removed himself from the labor market, which relieves CMMC of its burden to prove the availability of substantially equivalent jobs in the relevant geographic area and precludes summary judgment on this issue of Plaintiff's failure to mitigate his damages."). The defendant analogizes this case to *Webber*, in which the plaintiff stopped looking for subsequent employment altogether, arguing that "[d]uring the time period between June 2014 and December 2015, Plaintiff made virtually no effort to become employed." *Id*. (citing Defendant's Consolidated SMF ¶ 8). However, the cited statement of material facts does not support this contention. *Compare id. with* Defendant's Consolidated SMF ¶ 8 (stating only that the plaintiff

"applied for jobs in February 2014, March 2014, and June 2014"). Moreover, the document cited in support of that statement of material facts – a portion of the plaintiff's amended interrogatory responses – indicates that the plaintiff applied for eight positions with six employers in February, March, and June of 2014. *See* Plaintiff's First Amended Responses to Defendant's First Set of Interrogatories, commencing at Page ID # 1824 of Amended Stipulated Record (ECF No. 90-1), ¶ 4 at Page ID ## 1842-43. Finally, the defendant admitted that the plaintiff (i) participated in the residency match process twice a year, which necessarily means that he was engaged in a job search during at least two periods, if not three, between June 2014 and December 2015, *see* Plaintiff's Consolidated SMF ¶ 6, and (ii) applied to more than 130 residency programs following his job termination, *see id.* ¶ 5. As a consequence, I recommend the court find as a matter of law that the plaintiff has made "some effort" to secure other employment.

To the extent that the defendant's opposition could be read more generously and construed as an argument that it has generated a triable issue that it met its burden of demonstrating that the plaintiff "failed to use reasonable diligence to secure suitable employment," *Quint*, 172 F.3d at 16, the defendant still falls short, having made no attempt to demonstrate "substantially equivalent jobs were available in the relevant geographic area[,]" *id.*; s*ee generally* Opposition. The only relevant argument the defendant makes is that, "[g]iven Plaintiff's extensive educational background, there is little doubt that with truly reasonable diligence, Plaintiff would have been able to secure comparable employment." Opposition at 4. Notably, the defendant provides no citation. *See id.*[2]

---

[2] The defendant also speculates that the plaintiff may have "voluntarily quit" or "was terminated for misconduct" from his subsequent employment. Opposition at 4. The defendant argues that either event would constitute a failure to mitigate under First Circuit law. *Id.* (citing *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 379 (1st Cir. 2004)). I need not reach this point. The defendant's speculation is not supported by any record citation, *see generally* Defendant's Consolidated SMF, and thus cannot be considered.

At oral argument, the defendant argued for the first time that, because a number of the plaintiff's job-search records were not produced until after the expiration of its deadline to designate expert witnesses, undercutting its ability to develop expert rebuttal evidence on the availability of jobs and question the plaintiff at deposition concerning his job-search efforts, it should not be estopped from cross-examining the plaintiff at trial concerning those efforts. The defendant's estoppel argument fails for several reasons. First, the defendant did, in fact, examine the plaintiff regarding his subsequent job search at his deposition. *See* Deposition of Leo S. Paraskevopoulos, commencing at Page ID # 1943 of Amended Stipulated Record (ECF No. 90-1), at Page ID ## 2003-06. Second, nothing in the plaintiff's job search records or that would be revealed on cross-examination could help the defendant meet its burden to show that "substantially equivalent jobs were available in the relevant geographic area." Third and finally, the defendant did not raise this point in its brief, thereby waiving it. *See, e.g.*, *United States v. Pizarro-Berríos*, 448 F.3d 1, 5-6 (1st Cir. 2006) ("[E]xcept in extraordinary circumstances, arguments not raised in a party's initial brief and instead raised for the first time at oral argument are considered waived.") (citing *Piazza v. Aponte Roque*, 909 F.2d 35, 37 (1st Cir.1990)).

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the plaintiff's motion for partial summary judgment.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum,***

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 9th day of August, 2019.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
